**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESUS DANIEL MARRUFO-ROMERO,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security; MARY DE ANDA-YBARRA, El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs and Enforcement; WARDEN, Otero County Processing Center; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; and TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

Case No. 2:26-cv-02091-MIS-GBW

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Jesus Daniel Marrufo-Romero's <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed June 29, 2026.  The federal Respondents filed a Response on July 14, 2026 ("Response").[1]  ECF No. 6.  Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

**I.     Background**

Petitioner is a citizen of Venezuela who entered the United States illegally on September 22, 2022, was apprehended by Border Patrol Agents, and was paroled into the United States under Section 212(d)(5)(A) of the Immigration and Nationality Act ("INA") after immigration officials

---

[1]     The Clerk's Office served all Respondents pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

determined that he was neither a danger nor a flight risk.  See Pet. ¶ 11; Form I-213 Narrative at 3, ECF No. 6-1.  Thereafter, he filed an Application for Asylum, which remains pending.  See Pet. ¶ 12; Form I-213 Narrative at 3.  He has lived and worked lawfully in Texas since he entered the United States in 2022.  Id. ¶ 13.  He has two daughters—one a Venezuelan citizen and one a United States citizen.  Id.

On June 9, 2026, Immigration and Customs Enforcement officers arrested Petitioner in Pecos, Texas during a "raid," even though he had committed no crime and has no criminal record. Id. ¶¶ 14-16.  He is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Id. ¶ 1.

On June 29, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that his detention violates his due process rights, the INA, and the Administrative Procedures Act ("APA").  Id. ¶¶ 2, 36-76.  On July 14, 2026, the federal Respondents filed a Response.  ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

2

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner argues that 8 U.S.C. §1226(a) governs his detention and that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause, the INA, and the APA.  Pet. ¶¶ 36-76.  He seeks immediate release from custody.  Id. at 19.

Respondents assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but acknowledge "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court. __ F.4th __, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)."  Id. at 2.  They assert that "[t]he facts here are not materially distinguishable from those in Santillan Quiroz for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id.  As such, they "do not object to an order requiring that the government afford Petitioner a bond hearing[,]" id. at 3, but "do object to Petitioner's request for immediate release[,]" id.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  2026 WL 1876709, at *5.  That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention, see generally Resp., ECF No. 6, and therefore orders his immediate release, see Munaf v. Geren, 553 U.S. 674, 693 (2008)

3

(observing that the "typical remedy" for "unlawful executive detention" is release from custody). The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk (because immigration officials have already determined that he is neither). Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.     The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.     Respondents are **ORDERED** to immediately release Petitioner Jesus Daniel Marrufo-Romero from custody/detention without restraints beyond those that existed before his unlawful detention;

3.     Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE